UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

UNITED STATES OF AMERICA ex rel. DAN BISK,  :
STATE OF NEW YORK ex rel. DAN BISK,         :
                                             :
                                             :    06 Civ. 15296 (LAK)
                Plaintiffs,                  :
                                             :
        -against-                            :    **STIPULATION AND ORDER**
                                             :    **OF SETTLEMENT BETWEEN**
WESTCHESTER MEDICAL CENTER,                  :    **THE UNITED STATES OF**
WESTCHESTER COUNTY HEALTH CARE               :    **AMERICA AND RELATOR**
CORPORATION, et al.,                         :
                                             :
                Defendants.                  :
------------------------------------------------------------------x

UNITED STATES OF AMERICA,                    :
                                             :
                Plaintiff-Intervenor,        :
                                             :
        -against-                            :
                                             :
WESTCHESTER COUNTY HEALTH CARE               :
CORPORATION d/b/a WESTCHESTER MEDICAL        :
CENTER,                                      :
                                             :
                Defendant.                   :
------------------------------------------------------------------x



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 14 2015

     WHEREAS, the United States of America (the "United States"), has intervened in this

matter against defendant Westchester County Health Care Corporation d/b/a Westchester

Medical Center ("WMC"), in accordance with the provisions of the False Claims Act, 31 U.S.C.

§§ 3729-3733;

     WHEREAS, a signed Stipulation and Order of Settlement and Dismissal (the "Settlement

Agreement") has been submitted for entry by this Court, settling the civil claims of the United

States against WMC for the Covered Conduct, a term defined on page 3 of the Settlement

Agreement;

WHEREAS, pursuant to the terms of paragraph 3 of the Settlement Agreement, WMC has agreed to pay to the United Sates $18,800,000 (the "Settlement Amount"), in the manner set forth in that agreement;

WHEREAS, Chris Carrs, as administrator for the estate of Dan Bisk[1] (the "Relator"), has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), the estate is entitled to receive a portion of the proceeds of the settlement of the United States' claims (the "Relator's claim"); and

WHEREAS, the United States and the Relator (collectively, the "Parties") mutually desire to reach a full and final compromise of the Relator's claim against the United States for a portion of the Settlement Amount pursuant to the terms set forth below;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon the consent of the United States and the Relator, by and through their respective counsel:

1.       Contingent upon and following payment by WMC of the Settlement Amount pursuant to the terms of the Settlement Agreement, the United States shall pay Relator a total of ($3,713,000) (the "Relator's Share"), from the payment of the Settlement Amount, in accordance with written instructions to be provided by Relator's counsel, Sadowski Fischer PLLC.

   a.       Contingent upon the United States' receipt of payment of the Settlement Amount from WMC pursuant to the terms of the Settlement Agreement, the United States will pay the Relator's Share to the Relator within a reasonable time following the United States' receipt of the Settlement Amount from WMC.

---

[1]       Dan Bisk filed this *qui tam* complaint as the relator, John Doe.  Mr. Bisk died in December 2009.  Pursuant to the Decree Granting Administration entered by the Surrogate's Court of the State of New York on February 2, 2010, Mr. Bisk's wife, Chris Carrs, was appointed to be the administrator of Mr. Bisk's estate and thus has the authority to enter into this agreement of behalf of Mr. Bisk's estate.

b.      In the event that WMC fails to pay the entire Settlement Amount, the United States will pay Relator a share of the amount actually received by the United States in the same ratio as set forth in paragraph 1 above.

2.      Relator stipulates that the Settlement Agreement is fair, adequate, and reasonable under all circumstances; Relator shall not challenge the Settlement Agreement; and Relator waives any opportunity for a hearing on any objection to the Settlement Agreement.

3.      In agreeing to accept payment of the Relator's share set forth in paragraph 1 above, and upon payment thereof, Relator, on behalf of the estate of Mr. Bisk, and Mr. Bisk's heirs, successors, attorneys, agents, and assigns, shall release and shall be deemed to have released and forever discharged the United States, its agencies, officers, agents, and employees from: (1) any claims for a share of the Settlement Amount, including any claims pursuant to 31 U.S.C. § 3730(d); and (2) any other claims arising from or relating to the above-captioned action as against WMC.

4.      This Stipulation and Order shall be null and void if the Settlement Agreement is voided, including if a court holds that the Settlement Agreement is not fair, adequate, and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B).

5.      This Stipulation and Order, together with all of the obligations and terms hereof, shall inure to the benefit of, and shall bind, assigns, successors-in-interest, or transferees of the United States and the Relator.

6.      This Stipulation and Order does not resolve or in any manner affect any claims that the United States has or may have against the Relator arising under Title 26, U.S. Code (the Internal Revenue Code).

3

7.      The undersigned United States signatory represents that he or she is signing this Stipulation and Order in his or her official capacity and that he or she is fully empowered and authorized to do so.

8.      This Stipulation and Order may not be changed, altered or modified, except in writing signed by the United States and the Relator.

9.      This Stipulation and Order shall be governed by the laws of the United States. The United States and the Relator agree that the exclusive jurisdiction and venue for any dispute arising under this Stipulation shall be the United States District Court for the Southern District of New York.

10.     This Stipulation and Order may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

11.     This Stipulation and Order is effective on the date the Court enters this Stipulation and Order.

*For the United States*:

Dated: New York, New York
       May 13, 2015

       PREET BHARARA
       United States Attorney for the
       Southern District of New York

By:    _____
       REBBECA C. MARTIN
       CHRISTINE S. POSCABLO
       Assistant United States Attorneys
       86 Chambers Street, 3rd Floor
       New York, New York 10007

*For the Relator*

Dated:  New York, New York
        May 13 2015

        SADOWSKI FISCHER PLLC

By:     _____
        ROBERT W. SADOWSKI
        ANDREA FISCHER
        RAPHAEL KATZ
        39 Broadway
        Suite 1540
        New York, New York 10006

        *Attorneys for Relator, Chris Carrs, as*
        *Administrator for the Estate of Dan Bisk*

4

_____
Chris Carrs, as Administrator for the
Estate of Dan Bisk

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

5/13/15